CYRIL SENSK'S CASE.

Suffolk.    November 14, 1923. — January 3, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Amount of compensation.

At the hearing, under the provisions of the workmen's compensation act, upon a request by an insurer to discontinue payments of compensation being made to an employee as for total disability at the rate of $10 per week, a single member of the Industrial Accident Board found that the employee at the time of his injury was receiving $15 per week; that at the time of the hearing he had a pedler's license and sat " on the public streets with a dozen or so pencils in his hat, and accepts alms from the public;" that the money thus received was not wages within the meaning of the statute, and that the employee was totally incapacitated for earning wages. The Industrial Accident Board found that the employee had an earning capacity of $3 per week from the sale of pencils and that he was entitled to $8 a week for partial incapacity, and, upon certification to the Superior Court, a decree was entered accordingly. The insurer appealed. *Held,* that

(1) While gifts received from charity or philanthropy were not to be taken into consideration in passing on the question of the claimant's earning capacity, on the facts above described a finding was warranted that the claimant was engaged in selling pencils as a business and that profits derived therefrom, not attributable to gifts in the nature of charity or to his begging or asking for alms, amounted to $3 per week;

(2) The decree of the Superior Court was warranted.

The question, *whether* "tips" can be taken into account in determining the earning capacity of an employee under the workmen's compensation act, was not passed upon.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, upon facts described in the opinion and upon a hearing of a request by the insurer to discontinue compensation payments being made to the employee, that the employee had an earning capacity of $3 per week from the sale of pencils and that from April 18, 1923, the date of the hearing before a single member of the board, he was entitled to compensation for partial incapacity of $8 a week subject to the provisions of the act.

In the Superior Court, the case was heard by *Keating*, J., who made a decree in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on a brief by the insurer.

*E. I. Taylor & H. S. Avery*, for the insurer.

No argument nor brief for the employee.

CARROLL, J. The employee received an injury July 15, 1918, resulting in the loss of his left hand. His right arm is paralyzed and he is unable to use it. His average weekly wages were $15 at the time of his injury. He was paid specific compensation at the rate of $10 weekly for a period of fifty weeks for the loss of his left hand, and total disability compensation at the rate of $10 a week. The insurer petitioned to discontinue compensation payments on the ground that the employee is now earning more than $15 a week.

The board member found that the employee secured a pedler's license and "sits on the public streets with a dozen or so pencils in his hat, and accepts alms from the public;" that he received in this way more than $15 a week; and that "the pencils are merely a cloak to solicit alms." He

also found that the money received was not wages within the meaning of the statute, that the employee was totally incapacitated for earning wages; and he refused the petition to discontinue compensation. The Industrial Accident Board, on review, found that the employee had an earning capacity of $3 a week from the sale of pencils; and that he was entitled to $8 a week from the date of the hearing before the board member. In the Superior Court a decree was entered that the employee had an earning capacity of $3 a week, and that from April 18, 1923, the date of the hearing before the board member, he was entitled to partial incapacity compensation of $8 a week. From this decree the insurer appealed.

The employee was entitled to recover compensation in accordance with the statute, while incapacity for work continued. G. L. c. 152, § 35. Savings or insurance of the injured employee independent of the statute cannot be considered; " nor shall benefits derived from any other source than the insurer be considered in such determination." G. L. c. 152, § 38. See *Derinza's Case*, 229 Mass. 435, 446, 447; *Capone's Case*, 239 Mass. 331; *Johnson's Case*, 242 Mass. 489.

If the employee suffered no loss of wage earning capacity, compared with his average weekly wages prior to his injury, no compensation was due him under the statute. If he engaged in selling pencils as a business, and the profits derived therefrom were of the same amount as his wages when injured, and his income was from the articles sold, and not a mere gift of charity, it could have been found that his earning capacity was not impaired. This was a question of fact. It could have been found that at least a part of his income came from those who saw his helpless condition, and as an act of kindness contributed something toward his assistance. The earning capacity of an employee in the service of another or derived from a business of his own, is to be taken into consideration, but gifts received from charity or philanthropy are not to be considered in passing on the question of his earning capacity. Neither income received by begging or asking for alms in violation

of G. L. c. 272, § 66, nor income received from charity, but not in violation of the statute, has any bearing on the question of his earning capacity.

We are not called upon to decide whether " tips " can be taken into account in determining the earning capacity of an employee. The money he received was not given to him as " tips " as the word is commonly used. The board member found that all he received was given him in charity and the board on review found that the entire income from his business, as such, was $3 a week.

On the evidence reported we cannot say that, as matter of law, the finding was wrong.

*Decree affirmed.*