## JOSEPH W. GEARY'S CASE.

Suffolk.    March 19, 1925. — June 26, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act,* To what injuries act applies, Proximate cause.

A finding by the Industrial Accident Board confirming and adopting a finding by a single member, warranted by evidence before him, that a certain disability suffered by a claimant under the workmen's compensation act on January 20, 1923, was not a new injury but was a recurrence of an injury received on October 23, 1922, while working for a different employer, is conclusive and it is proper to award the claimant compensation to be paid by the insurer of the earlier employer.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board that an injury received by the claimant on January 20, 1923, while working for one Edward S. Griffin, was not a new injury but was a recurrence of an injury received October 23, 1922, when he was working for Chester H. Norwood, and ordering compensation to be paid by the insurer of Norwood.

In the Superior Court, the case was heard by *Wait,* J. Material facts shown by the record are described in the opinion.   By order of the judge, a decree was entered in accordance with the decree of the Industrial Accident Board. The insurer of Norwood appealed.

The case was submitted on briefs.

*J. T. Connolly,* for insurer of Norwood.

*J. W. Cronin & P. B. Bennett,* for insurer of Griffin.

SANDERSON, J.   This is an appeal by the insurer, from a decree of the Superior Court stating that the employee received an injury October 23, 1922, in the course of his employment by Chester H. Norwood, who was insured by the Globe Indemnity Company, and that the occurrence of January 20, 1923, was not a new injury but a recurrence of the injury of October 23, 1922; and that the insurer is liable

for compensation at the rate of $16 per week from January 20, 1923, continuing in accordance with the provision of the act.    The question to be decided is, whether the employee's incapacity for work is due to the injury received by him October 23, 1922, or to one alleged to have occurred on January 20, 1923.

The employee, while working for Norwood, on October 23, 1922, received a sacroiliac strain from lifting lumber. By reason of this injury he was totally incapacitated from November 18, 1922, to January 11, 1923.    Compensation for that time was duly awarded by a single member of the Industrial Accident Board, and was paid by the insurer. On January 11, 1923, the employee commenced to work for Edward S. Griffin, who was insured with the Liberty Mutual Insurance Company.    After working three days at intervals between January 11 and January 20, 1923, he felt the same kink at the same place in his back when he reached down to pick up a heavy stick, as a result of which he ceased work and made claim against both the above named insurers.

A member of the Industrial Accident Board found, after hearing, that "the occurrence of January 20, 1923, was not a new injury but merely a recurrence of the injury of October 23, 1922," and that the Globe Indemnity Company was liable for payment of compensation at the rate of $16 per week from January 20, 1923.    The board, on review, adopted the findings of the single member and the decree hereinbefore referred to was entered.

The evidence warranted a finding that there was a causal connection between the employee's condition on and after January 20, 1923, and the original injury, and the finding of the board thereon is conclusive.    *Pigeon's Case*, 216 Mass. 51.    The insurer of the first employer is liable for a recurrence of the condition caused by the original injury even though the employee at the time was working for another employer.    *Gaglione's Case*, 241 Mass. 42.

*Decree affirmed.*