## A. LAWRENCE FEDERICO'S CASE.

Suffolk.    March 10, 1933. — June 28, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Amount of compensation. *Words,* "Wages," "Earnings."

While the "average weekly wages" which a claimant under the workmen's compensation act "is able to earn" after an injury, as those words are used in G. L. (Ter. Ed.) c. 152, § 35, are not limited to what he could earn in the same employment but include the whole monetary result of a reasonable use of all his powers, mental and physical, whether working for others or for himself, and whether his earnings are called "wages" in common speech or not, the mere circumstance that the entire income, received weekly by a claimant who after his injury became a partner in a contracting firm, and resulting from a combination of factors of which his labor, skill and judgment constituted only one, in the aggregate amounted to a larger sum than the average weekly wages he had received before his injury, did not require the termination of partial compensation under the act, where the Industrial Accident Board found that his earning capacity and the value of his personal services to the partnership were a certain sum which was less than the amount of his average weekly wages before his injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board denying an application by

the insurer that compensation be discontinued and ordering the continuation of payment of partial compensation.

In the Superior Court, by order of *Weed,* J., a final decree was entered ordering the payment of partial compensation. The insurer appealed.

*J. E. Reagan,* for the insurer.

*R. H. Field,* (*E. Field* with him,) for the claimant.

LUMMUS, J.   On April 24, 1929, the claimant received an injury to his leg while employed by the contracting firm of L. P. Federico and Susi Company.   It was not disputed that the injury arose out of and in the course of his employment, and that his average weekly wages before the injury were $40 a week.   The claimant for a time was awarded the maximum weekly compensation of $18 a week for total disability.   G. L. (Ter. Ed.) c. 152, § 34.   After April 17, 1930, it was determined by the Industrial Accident Board that the average weekly wages which he was able to earn in his injured condition amounted to $25 a week, and he was accordingly awarded compensation for partial incapacity of $10 a week, under G. L. (Ter. Ed.) c. 152, § 35.   The insurer, at some time between March 25, 1931, and September 14, 1931, applied for a discontinuance of this compensation, and on September 24, 1932, the Industrial Accident Board denied its application.   The Superior Court entered a decree for payment of the compensation awarded by the board, and the insurer appealed.

Under the statute, partial incapacity for work resulting from an injury is compensated by payment of two thirds the difference between the average weekly wages before the injury and "the average weekly wages which he [the claimant] is able to earn thereafter," with an immaterial limitation.   G. L. (Ter. Ed.) c. 152, § 35.   The point in the present case is, that after the injury the claimant's father died, and the claimant succeeded him as one of two equal partners in the partnership known as L. P. Federico and Susi Company.   The claimant's capital investment in the business was $5,000, but the profits of the business have caused the value of his share greatly to exceed that sum. He draws $25 a week regularly, and profits have been

divided at various times. His injury is permanent and impairs his ability to work. The claimant's average weekly income from the business is in excess of his average weekly wages before the injury, and the insurer contends that he is no longer entitled to compensation. The Industrial Accident Board found, however, that his earning capacity and the value of his personal services to the partnership do not exceed $25 a week.

. Apart from compensation for the injuries specified in G. L. c. 152, §§ 36, 37, compensation to an employee under the workmen's compensation act is awarded solely for impairment of earning capacity. The "average weekly wages" which a claimant "is able to earn" after the injury are not limited to those which he could earn in the same employment. *Sensk's Case*, 247 Mass. 232, 234. Compare *Gagnon's Case*, 228 Mass. 334, and *Quebec's Case*, 247 Mass. 80, which relate to a different provision of the statute. The words quoted include the whole monetary result of a reasonable use of all his powers, mental and physical, whether working for others or for himself, and whether his earnings are called "wages" in common speech or not. See *Sensk's Case*, 247 Mass. 232, 234; *Powers's Case*, 275 Mass. 515. Talents previously undiscovered or undevel-.oped may produce an earning capacity greater than that enjoyed prior to a permanent injury which made a continuance of the earlier work impossible. In such a case there is no ground for compensation under the act, except for specified injuries.

But one may have income other than earnings, and such income does not affect his right to compensation. In *Sensk's Case*, 247 Mass. 232, income obtained by soliciting .alms was held immaterial upon the question of the amount which a claimant was "able to earn" after being permanently crippled. The income from a claimant's "savings" (G. L. [Ter. Ed.] c. 152, § 38), or from other capital, does not arise from his ability to earn. The income of the present claimant as a partner in a contracting firm results from a combination of factors of which his labor, skill and judgment constitute only one. *Mahoney* v. *Boston Elevated*

*Railway,* 221 Mass. 116. *Hendler* v. *Coffey,* 278 Mass. 339, 342. *Bagley* v. *Kimball,* 268 Mass. 440. See also *Cross* v. *Sharaffa,* 281 Mass. 329; *Calico Printers' Association, Ltd.* v. *Higham,* [1912] 1 K. B. 93, 102. In some partnerships, the total disability of one partner would make little or no difference in his income or that of the partnership. There is no evidence that the claimant is skilled as a business manager. The appraisal made by the Industrial Accident Board of the ability of the claimant, since the injury, to earn "wages" or money by whatever name his earnings may be described, was supported by the evidence. The broader construction given to the word "earnings" in the statute relating to recording assignments of "future earnings" (G. L. [Ter. Ed.] c. 154, § 6) is not controlling. *Jenks* v. *Dyer,* 102 Mass. 235. *Chester* v. *McDonald,* 185 Mass. 54. *William Gilligan Co.* v. *Casey,* 205 Mass. 26.

*Decree affirmed.*