JOHN P. DONAHUE'S CASE.

Suffolk. February 5, 1935. — March 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act,* What insurer liable.

Where the Industrial Accident Board, in proceedings under the workmen's compensation act, warrantably found that, by reason of pneumonoconiosis contracted by the employee due to the accumulative effect of his inhaling dust in the course of his employment during a period of seventeen years, he became incapacitated for work and suffered a personal injury on a certain date at the end of that period, only the insurer which insured the employer on the date of injury was liable to pay the compensation to which the employee was entitled; other insurers which had insured the employer during the seventeen years were not liable jointly with that insurer.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board ordering Hartford Accident and Indemnity Company to pay compensation from February 19, 1934.

Material facts are stated in the opinion. By order of *Greenhalge,* J., a decree in accordance with the board's decision was entered. Hartford Accident and Indemnity Company appealed.

*J. J. Mulcahy,* for Hartford Accident and Indemnity Company.

*R. H. Kannally,* for the claimant, submitted a brief.

*S. S. Bean & E. W. Sawyer,* for Liberty Mutual Insurance Company, submitted a brief.

QUA, J. The Industrial Accident Board has found that the claimant worked as a weaver for the employer on a loom making asbestos brake lining for a period of almost seventeen years until, on February 19, 1934, he was obliged to give up work because of pneumonoconiosis which had been brought about by the inhalation of dust from the

process used; that due to the accumulative effect of breathing in this dust, he finally reached on that date the point where he was disabled for work and that the date of his injury was the date when the accumulative effect of inhaling the dust made it necessary for him to discontinue work. During the period of the claimant's employment and while he was continuously exposed to the effect of the dust, the employer had been insured at different times by three different insurers. The Industrial Accident Board has ruled that the appellant Hartford Accident and Indemnity Company, which carried the risk on February 19, 1934, is alone liable to pay the compensation, and the Superior Court in its decree has adopted that ruling. The only question argued and intended to be raised by this appeal is the question whether the appellant must bear the loss alone or whether all the insurers who covered the employer at different times during the years while the employee was accumulating in his lungs the dust which finally caused incapacity should be held jointly responsible.

G. L. (Ter. Ed.) c. 152, § 26, provides that "If an employee . . . receives a personal injury arising out of and in the course of his employment . . . he shall be paid compensation by the insurer, as hereinafter provided, if his employer is an insured person at the time of the injury . . . ." If we turn to the first section of the same chapter, we find that the word insurer is defined as meaning "any insurance company . . . which has contracted with an employer to pay the compensation provided for by this chapter." Reading the two sections together it would seem that the insurer contracts to pay the compensation due to an employee who "receives a personal injury" during the time while the contract of insurance is in force. This construction gains some further support from the language of § 15A as amended by St. 1934, c. 252, the wording of which seems to imply that, while there may be doubt as to which of several insurers is liable, only one can be held for any single injury. See also §§ 41, 42, requiring notice to be given to "the insurer" of the time, place and cause of the injury. It would follow that in these cases, where the cause

operates through a period of years, the liability of any particular insurer depends upon whether or not it is found that the "personal injury" took place during the time specified as the period of coverage in the contract between that insurer and the employer. The cases show that in practice this has always been regarded as the decisive factor. It is unnecessary to review them in detail, as they are collected and further confirmed in *De Filippo's Case*, 284 Mass. 531, *Crowley's Case*, 287 Mass. 367, and *Anderson's Case*, 288 Mass. 96. Whether there can ever be a joint liability has not been expressly decided in any of these cases, though in *Langford's Case*, 278 Mass. 461, it appeared that one member of the Industrial Accident Board had decided in favor of joint liability, but the question was not argued, and this court found it unnecessary to pass upon it. It is significant however that none of our decisions gives any support to the suggestion that several insurers can be held jointly. We think the implication from the statutes and from all the cases taken together is so strongly against the appellant that the question cannot fairly be said to be still open. For this reason it is unnecessary to discuss *Plecity* v. *George McLachlan Hat Co.* 116 Conn. 216, relied upon by the appellant. That case was decided under a statute and a practice which differ from ours.

We do not mean to say of course that cases do not arise in which the personal injury can be found to have occurred before the date of inability to work. *Anderson's Case*, 288 Mass. 96, was of that type. But in the present case, as in most of those referred to above, the board has found that the injury did occur at the time of incapacity, and that finding is not unwarranted by the evidence.

*Decree affirmed.*