## HENRY DONAHUE'S CASE.

Franklin.    September 18, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Time of injury.    *Proximate Cause.*

The evidence in proceedings under the workmen's compensation act warranted findings by the Industrial Accident Board that an employee who suffered chromic acid poisoning during a period beginning in 1932 sustained a personal injury within the meaning of the act at a time in February, 1934, when he was obliged to cease work because of the poisoning, and that the injury was the proximate result of the poison accumulated from December, 1933, to the time of incapacity; and on such findings the insurer which insured the employer beginning in December, 1933, was liable to pay compensation, though the board also ruled that another insurer, which covered the risk from December, 1932, to December, 1933, was "responsible for" a hernia which occurred in November, 1933, as a result of coughing induced by the poisoning, but which produced no incapacity.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

A decree was entered by *O'Connell*, J., ordering payment of such compensation by Great American Indemnity Company, which appealed.

*E. R. Langenbach*, for Great American Indemnity Company.

*H. A. Moran*, for Glens Falls Indemnity Company.

*R. Hartley*, for Massachusetts Bonding and Insurance Company.

*M. J. Levy*, for the claimant.

QUA, J. The employee's evidence tended to show that he began working as a chrome plater in the spring of 1932; that in the following summer he first noticed the effect of chromic acid poisoning upon the skin of his hands, arms and face; that a little later his nose, throat and lungs became affected from the same cause, so that he coughed and sneezed constantly and at times violently; that in spite of medical treatment, this condition continued in varying degree until February 22, 1934, when he was obliged to cease working because of it; and that in November, 1933, the coughing brought on a hernia, from which he still suffers. During all this time up to February 22, 1934, the employee continued steadily at work, with the exception of one day in October, 1933.

The employer was insured up to December 4, 1932, by the Massachusetts Bonding and Insurance Company, from that date until December 4, 1933, by the Glens Falls Indemnity Company, and thereafter by the present appellant, Great American Indemnity Company.

The Industrial Accident Board found that the hernia in November, 1933, was caused by chromic acid poisoning and ruled that the Glens Falls Indemnity Company, which covered the risk at that time, was liable in respect thereof, but did not find that the hernia had at any time caused any incapacity. It further found that the incapacity which began February 22, 1934, was caused by "the accumulated effects of the chromic acid poisoning," apart from hernia,

and that "causal connection is shown, on all the evidence" between that incapacity and the work done by the claimant from December 4, 1933, to February 22, 1934, during which time the Great American Indemnity Company covered the risk, and ruled that the last named company is liable to pay compensation.

The finding that personal injury, in the sense in which those words are used in the workmen's compensation act (G. L. [Ter. Ed.] c. 152, §§ 26 *et seq.*) as the basis of the insurer's liability, occurred at the time when the particular incapacity in question began is amply supported by the evidence. It has been held in a number of recent decisions that under similar circumstances where the injury is brought about by the gradual accumulation of poison in the employee's body, the incapacity may be found to have been proximately caused by the later accumulations, and the insurer which carries the risk at the time when incapacity supervenes may be held liable. *Bergeron's Case*, 243 Mass. 366. *Fabrizio's Case*, 274 Mass. 352. *Langford's Case*, 278 Mass. 461. *DeFilippo's Case*, 284 Mass. 531. *Anderson's Case*, 288 Mass. 96. *Donahue's Case*, 290 Mass. 239.

We find nothing in this case which distinguishes it from those cited above. The employee worked continuously from December 4, 1933, until February 22, 1934, while the appellant carried the risk. It could have been found that he was growing steadily worse. There was evidence that his condition in February, when he quit work, was worse than at any previous time. A finding that the accretion of poison in the employee's system during this period was the "last straw" and the final operating cause of his incapacity cannot be pronounced erroneous. His testimony that he had remained away from work for a single day in October, 1933, did not require a different result.

The ruling of the board holding the appellant liable for the incapacity beginning February 22, 1934, is not made wrong by the further ruling that the Glens Falls Indemnity Company is "responsible for" the hernia, which occurred while that insurer covered the risk, although the hernia

was also an indirect result of chromic acid poisoning. The correctness of that ruling is not before us. If the hernia had produced incapacity when it occurred, doubtless the board could have found the Glens Falls. Indemnity Company liable to pay compensation. But the hernia has produced no incapacity at any time. We see nothing in this which prevents a finding against the appellant for an incapacity which did in fact occur later as the result of further accumulation of poison, but having nothing to do with hernia. Compensation is awarded under the act for incapacity, not for injury as such. *Federico's Case*, 283 Mass. 430, 432. *DeFilippo's Case*, 284 Mass. 531, 533.

*Decree affirmed.*