FREDERICK GIDEON EVANS'S CASE.

Suffolk.    November 5, 1937. — February 8, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, What insurer liable, Recommittal to Industrial Accident Board.

Where an employee has sustained several injuries, all of a character compensable under the workmen's compensation act and received during periods when the risk was covered by successive insurers, compensation for subsequent incapacity must be paid by that insurer which was covering the risk at the time of the most recent injury that bore causal relation to the incapacity.

Findings by a single member of the Industrial Accident Board that an issue being heard by him was "to which of the two injuries is the employee's disability causally related" and that the disability bore that relation to the earlier of the injuries, and an awarding of compensation to be paid by an insurer which was covering the risk at the time of that injury did not show that the single member and the board considered the question, which was determinative of which insurer should be liable, whether the more recent injury bore a causal relation to the incapacity; and this court reversed a decree based on the board's decision and recommitted the case to the board for determination of that question.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

A decree in accordance with the decision of the board was entered after a hearing by *Greenhalge*, J.   The claimant and the American Mutual Liability Insurance Company appealed.

*M. S. O'Brien*, for American Mutual Liability Insurance Company.

*S. B. Horovitz, (B. A. Petkun* with him,) for the claimant.

*E. Field, (R. H. Field & E. L. Bernstein* with him,) for United States Mutual Liability Insurance Company.

LUMMUS, J. The question is, which of two insurers shall pay compensation for total disability. The employee, however, is interested in the question, because if the time of the injury can be postponed until after St. 1935, c. 364 (G. L. [Ter. Ed.] c. 152, § 34A) took effect in September, 1935, he is in a more favorable position than was possible under G. L. (Ter. Ed.) c. 152, § 34.

On May 11, 1929, while working for one McNutt, who was insured by the American Mutual Liability Insurance Company, the employee received a compensable personal injury to his back. After receiving compensation for a time, he returned to work on October 27, 1929. On November 27, 1935, while working for Massachusetts Gas Companies, which was insured by the United States Mutual Liability Insurance Company, he received what the board found was a second personal injury in the same place in his back. It is not suggested that this second injury was not compensable. He was paid compensation by the latter insurer for a time, and then returned to work, although his back was still in bad condition. On July 24, 1936, he was compelled to cease work. His condition is that of total incapacity.

It is settled that, with certain exceptions which are immaterial here, compensation under the workmen's compensation act is awarded for impairment of earning capacity and not for injury as such. *Federico's Case,* 283 Mass. 430, 432. *Donahue's Case,* 292 Mass. 329, 332. An insurer takes the employee in the condition in which it finds him, and becomes bound to compensate him according to the provisions of the act for incapacity resulting from any compensable personal injury received during the period covered by the policy. *DeFilippo's Case,* 284 Mass. 531, 533. *Crowley's Case,* 287 Mass. 367, 373. *Anderson's Case,* 288 Mass. 96, 100. *Donahue's Case,* 290 Mass. 239, 240, 241. *Donahue's Case,* 292 Mass. 329, 331. Where incapacity results from the combined effect of several distinct personal injuries,

received during the successive periods of coverage of different insurers, the result is not an apportionment of responsibility nor responsibility on the part of either or any insurer at the election of the employee. The implication of the act is that only one of successive insurers is to make compensation for one and the same incapacity. *Donahue's Case*, 290 Mass. 239. Where there have been several compensable injuries, received during the successive periods of coverage of different insurers, the subsequent incapacity must be compensated by the one which was the insurer at the time of the most recent injury that bore causal relation to the incapacity. The statement in *Crowley's Case*, 287 Mass. 367, which immediately precedes the citation of *Gaglione's Case*, 241 Mass. 42, on page 375, to be accurate as applied to a case where the "independent intervening cause" (short of a superseding cause, *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 197) is a later compensable injury, should be read with the word "exclusively" omitted. See *Donahue's Case*, 292 Mass. 329.

We need not inquire whether a finding that the present incapacity is not causally related to the injury of November 27, 1935, would have been warranted by the evidence. As we view the case, there was no finding upon that decisive question. The single member, whose findings were adopted by the board, declared that the question was "to which of the two injuries is the employee's disability causally related." Apparently he did not appreciate that it might be causally related to both injuries (*Panagotopulos's Case*, 276 Mass. 600, 607), and that in such a case a choice between the insurers would have to be made upon principles already discussed in this opinion. He found that the existing disability was causally related to the earlier injury, but he did not find that it was not causally related to the later one, unless such a finding is to be inferred from his order for payment.

We need not consider whether, if the findings and order made should stand as the final findings of the board, the rule often applied to courts, that a general conclusion or action, unexplained and unqualified, imports a finding of all facts

necessary under the law to support it (*Novick* v. *Novick*, *ante*, 15; *Ross* v. *Colonial Provision Co. Inc.*, *ante*, 39, 41: *National Rockland Bank of Boston* v. *Johnston*, *ante*, 156, 157), would lead to an inference that the existing disability had been found not to be causally related to the later injury. See *Rozek's Case*, 294 Mass. 205; *Cahill's Case*, 295 Mass. 538, 539; *Di Clavio's Case*, 293 Mass. 259, 262. The findings and order, we fear, were made upon an erroneous view of the law. They ought not to stand. The Superior Court had the same right to recommit the case to the board for further findings that it would have in equity to recommit a case to a master. *Lopes's Case*, 277 Mass. 581, 586. *Di Clavio's Case*, 293 Mass. 259, 262. See also *Canning's Case*, 283 Mass. 196, 199. We also may order recommittal for further findings, and further hearings if the board shall see fit, upon the question whether the injury of November 27, 1935, bore a causal relation to the present incapacity; and we do so, at the same time reversing the decree. *Ward's Case*, 286 Mass. 72, 77.

*Ordered accordingly.*