## GUSTAF GUSTAFSON'S CASE.

Suffolk.   May 5, 1939. — June 28, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Time of
injury, Notice, Filing of claim, Appeal. *Proximate Cause.*

Findings by the Industrial Accident Board were warranted that a stone
    cutter employed in a quarry over a long period of years sustained an
    injury from the progressive disease of silicosis on a date when he left
    the employ of the quarry company about four years after he first noticed
    difficulty·in breathing and sleeping, and that total incapacity occurring
    during a succeeding period of more than two years, during which he
    worked but was not exposed to stone dust, resulted from such con-
    dition.
A finding that an insurer under the workmen's compensation act was not
    prejudiced by want of notice of injury to a stone cutter due to the
    progress of the disease of silicosis over a period of years culminating
    in his total incapacity was warranted by evidence of knowledge of
    his condition on the part of the employer's superintendent for several
    years.
A finding was warranted that there was reasonable cause for delay in a
    stone cutter's filing a claim under the workmen's compensation act
    more than two years after he suffered an injury from the progressive
    disease of silicosis, where the claim was filed about a month after
    incapacity resulted from the injury and he first learned of the nature
    of his ailment.
An insurer under the workmen's compensation act could not question
    for the first time in this court, on appeal from a decree of the Superior
    Court, a rate used by the Industrial Accident Board in computing
    compensation.

CERTIFICATION under the workmen's compensation act
of a decision by the Industrial Accident Board awarding
compensation.

In the Superior Court, a decree was entered by order of
*Williams*, J., in accordance with the board's decision.   The
insurer appealed.

*G. Gleason*, (*E. H. Potter & P. S. Ratzkoff* with him,) for
the insurer.

*E. E. Clark*, (*D. B. MacCormack* with him,) for the
claimant.

RONAN, J.  The Industrial Accident Board found that the employee worked as a stone cutter for the insured, a quarry company, from 1913 until May, 1934, with the exception of certain periods; that during the time he was so employed he was exposed to considerable granite dust; that in 1930 he noticed that he had difficulty in breathing and in sleeping and thereafter he was never free therefrom; that from 1932 to 1934 there was but little work at the quarry and he quit his employment there on May 7, 1934, as there was no work for him; that he was subsequently employed on various Federal projects as a laborer and as a stone cutter; that while so employed, either he was not exposed to stone dust or he did his work under such conditions that exposure to dust was not harmful.  It was found that the employee sustained an injury on May 7, 1934, arising out of and in the course of his employment by the quarry company, which resulted from the inhalation of stone dust and finally caused his total disability on January 1, 1937, and that thereafter he was unable to do any work.  Compensation for total disability was awarded.

The accumulation of granite dust by a stone cutter, during the course of his employment, constitutes a personal injury under the workmen's compensation act if it causes incapacity to work. *Sullivan's Case*, 265 Mass. 497. *Fabrizio's Case*, 274 Mass. 352. *Langford's Case*, 278 Mass. 461. *DeFilippo's Case*, 284 Mass. 531. *Wnukowski's Case*, 296 Mass. 63.  In the case at bar, the incapacity having occurred after the employee had left the employment of the quarry company and had been employed upon various Federal projects for two and one half years, it is urged, by the insurer, that the injury did not arise out of and within the course of his employment with the company. Personal injury, however, might occur before the date of inability to work. *Carroll's Case*, 225 Mass. 203. *Crowley's Case*, 287 Mass. 367. *Anderson's Case*, 288 Mass. 96.  Payments under the workmen's compensation law, excepting those for specific injuries, are based on impairment of earning capacity, and consequently an injury does not become compensable unless it lessens one's ability

to work. *Federico's Case*, 283 Mass. 430. *Donahue's Case*, 292 Mass. 329.

There was medical evidence that when the employee left the employment of the company he had suffered for four years from silicosis, caused by the inhalation of granite dust during the years that he had worked for the company, and that when he finally quit he had a "crippling silicosis," which we interpret to mean a disabling condition seriously interfering with the continuance of his work as a stone cutter. Silicosis is a progressive disease which results in a destruction of the lung tissue. While working for the company he manifested shortness of breath and was required to stop work and rest. In the fall of 1930, when he was resting under a tree, as he did not have strength enough to work, the superintendent inquired what he was doing; the employee told him he had to take a rest and requested the superintendent to put him on piece work. He was taken off time work and put on piece work in November, 1930. The evidence was sufficient to show that the accumulation of dust acquired during the time he was employed by the quarry company finally compelled him to quit all work about January 1, 1937. His work, subsequent to May 7, 1934, when he left the employment of the quarry company, could be found not to have aggravated his condition nor to have borne a causal connection to his injury or resulting incapacity. A full week on these Federal projects comprised only twenty-one hours; the employee was not harmfully exposed to granite dust while working on them since he did not use a blower, as he did when working for the quarry company, and the foreman on these projects, on account of his condition, sometimes favored him with work that required little exertion. Upon the evidence it could be found that his total incapacity was directly traceable to the condition of his lungs, sustained while an employee of the quarry company, and that his work after leaving the quarry company was not a new, independent, intervening cause. *Gaglione's Case*, 241 Mass. 42. *Geary's Case*, 253 Mass. 114. *Wentworth's Case*, 284 Mass. 479. *McCann's Case*, 286 Mass. 541. *Anderson's Case*, 288 Mass. 96. *Wal-*

lace v. *Ludwig*, 292 Mass. 251, 254, 255. The case is distinguishable from cases where the employee received a new injury, or was subjected to further exposure which aggravated an existing condition and resulted in incapacity to work. *Panagotopulos's Case*, 276 Mass. 600. *Corey's Case*, 276 Mass. 610. *Donahue's Case*, 290 Mass. 239. *Evans's Case*, 299 Mass. 435.

The board found that the insurer was not prejudiced by want of notice and that the filing of a claim on February 13, 1937, was seasonable. There was evidence that the employee did not learn the nature of his ailment until January 9, 1937, and that "He did not know what was wrong with him prior to that time." It could have been found that the superintendent knew that the employee for years before he quit his employment with the company was unable to do his share of the work. It was reasonable to infer, in view of the testimony of another employee, that the shortness of breath experienced by the employee was apparent. His malady as disclosed by such symptoms was apparently not uncommon in the trade as it was known as "stone-cutter's disease." The employee's condition resulted not from a single incident but from years of work performed under conditions that were open and obvious and known to the employer. It is difficult to perceive how an investigation would have given the company any more material information than its superintendent already possessed or was available at its plant, with the exception of the medical treatment received by the employee. The disease was progressive and it could be found that the principal relief to be given was to protect the employee from further exposure. It could not be inferred from all the evidence that a cure could have been effected when the ailment first appeared in 1930, even if the employee had then known its nature. We cannot disturb the findings that the insurer was not prejudiced by want of notice or that the filing of a claim five weeks after the employee was apprized of the name and source of his illness was seasonable, which we interpret as meaning that there was reasonable cause for not filing within the statutory period. *Anderson's Case*, 288 Mass.

96. *Coakley's Case,* 289 Mass. 312. *Wnukowski's Case,* 296 Mass. 63. *Zabec's Case,* 302 Mass. 465.

The insurer cannot question for the first time in this court the rate used by the board in fixing compensation. Without intimating there was error, we decide simply that the point is not open and we do not consider it. *Minns's Case,* 286 Mass. 459. *Di Clavio's Case,* 293 Mass. 259. *Rich's Case,* 301 Mass. 545.

*Decree affirmed.*