### HARVEY BORSTEL'S CASE.

Suffolk. April 4, 1940. — September 17, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, & RONAN, JJ.

*Workmen's Compensation Act*, What insurer liable, Reviewing board. *Proximate Cause.*

If successive injuries compensable under the workmen's compensation act all bear a causal relation to total disability following the latest injury, the insurer covering the risk at the time of the latest injury must pay the compensation for the total disability.

Evidence warranted a finding that the third of three similar back injuries suffered by an employee at intervals had a causal relation to total disability occurring a few months after it.

A claim by one of two successive insurers for review of an order by a single member of the Industrial Accident Board for payment of compensation by that insurer, where both insurers were before the single member, brought the case as against both insurers before the reviewing board without any claim for review by the employee.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The decree was entered by order of *Forte*, J.

*J. F. Scannell & E. E. Andrews*, for Lumbermens Mutual Casualty Company, submitted a brief.

*J. A. Bradley*, for Indemnity Insurance Company of North America.

*J. Tate*, (*E. Mitrano* with him,) for the claimant.

LUMMUS, J. While working for the same employer, the employee suffered three successive injuries in the same place in his back, while lifting, on February 24, 1934, May 13, 1935, and September 13, 1938. Each arose out of and in the course of his employment. He lost no time from his work following the first two injuries, although they caused him continual trouble. After the last injury he had further trouble, and has been totally disabled since January 7, 1939.

The insurer was the Indemnity Insurance Company of North America up to August 12, 1935. After that date the insurer was Lumbermens Mutual Casualty Company. The single member awarded compensation for total disability from January 7, 1939, to be paid by the earlier insurer. The reviewing board awarded such compensation to be paid by the later insurer, and the Superior Court entered a decree accordingly. The later insurer appealed.

The later insurer must pay the compensation if there was any causal relation between the injury of September 13, 1938, and the subsequent total disability, even though the earlier injuries were also contributing causes. *Evans's Case*, 299 Mass. 435. *Falcione's Case*, 305 Mass. 433, 435. The finding of the reviewing board that such a causal relation existed must stand if there was any evidence

to warrant it.   *Lazarz's Case*, 293 Mass. 538, 540.   *Ricci's Case*, 294 Mass. 67.   *Zabec's Case*, 302 Mass. 465.

There was evidence of the following facts.   On September 13, 1938, the employee felt pain in his back while helping to lift a case of paper, and cried out.   As he walked away he put his hand to his back.   During the day he felt sore. Just prior to his injury on that day he had not been having quite as much trouble with his back as before.   Since that injury he has had continual trouble, which has been increasingly bad.   The next morning after the injury he felt so bad that he visited the clinic and had his back strapped. An expert physician who both examined and treated the employee at various times since April, 1934, expressed the opinion that there was a causal relation between the most recent injury and the subsequent total disability.   This opinion was confirmed by another expert.   The impartial physician was of opinion that the total disability had its origin in the earliest injury, but that the most recent injury "aggravated the preëxisting condition."   We think that the evidence warranted the finding of the reviewing board.

There is nothing in the point of practice argued by the later insurer.   Both insurers were before the single member, who ordered the earlier insurer to pay compensation. That insurer claimed a review.   G. L. (Ter. Ed.) c. 152, §§ 8, 10.   Both insurers appeared before the reviewing board.   But the later insurer now contends that the claim for compensation against each insurer must be treated as an independent case, that the claim for review by the earlier insurer brought before the reviewing board only the claim against that insurer, and that the decision of the single member in favor of the later insurer was left standing as a final and conclusive determination that it was not liable.   See *Rocha's Case*, 300 Mass. 121.   Usually it is of no concern to an employee (compare *Evans's Case*, 299 Mass. 435) whether he gets paid by one insurer or the other.   Yet under the practice for which the later insurer now contends, an employee would have to claim a review against the insurer absolved by the single member, lest he lose his rights against both insurers.   Such a practice, in-

stead of being "as simple and summary as reasonably may be" (G. L. [Ter. Ed.] c. 152, § 5), would be technical and confusing. By G. L. (Ter. Ed.) c. 152, § 15A, as amended by St. 1934, c. 252, certain duties of successive insurers against which "one or more claims are filed" may be determined at "a hearing," pending "a final decision . . . as to the matter in controversy." The plain indication is that claims against successive insurers for compensation for a single disability are treated as constituting a single proceeding. The claim for review by the earlier insurer brought both insurers before the reviewing board. *Crowley's Case*, 287 Mass. 367. *Donahue's Case*, 290 Mass. 239. *Evans's Case*, 299 Mass. 435. *Rocha's Case*, 300 Mass. 121.

*Decree affirmed.*