## JOSEPH BLANCO'S CASE.

Suffolk. January 9, 1941. — April 4, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Workmen's Compensation Act*, What insurer liable, Reviewing board.

An insurer under the workmen's compensation act of an earlier employer of one, who had sustained compensable injury while so employed and also while employed by a later employer insured by another insurer, was entitled to claim a review under § 8 of the act from decisions by a single member of the board, rendered after a hearing of claims by the employee against both insurers, directing payment of compensation by the earlier employer's insurer and dismissing the claim as to the later employer's insurer; and such earlier insurer was a "party in interest" entitled to take to the Superior Court under § 11 decisions by the reviewing board respecting all such matters; both insurers were parties to the proceeding throughout.

Compensation for total disability following a compensable injury to an employee which was subsequent to a compensable injury sustained while he was working for a different employer, if both injuries bore a causal relation to such disability, should be directed to be paid by the insurer of the later employer.

On an appeal from decrees of the Superior Court in a proceeding under the workmen's compensation act ordering the insurer of an earlier employer of the claimant to pay compensation after an injury of a like nature while he was at work for a later employer, and dismissing a claim against the insurer of the later employer, the record did not show a clear finding on the issues, whether the injury sustained while at work for the later employer was compensable and whether, if so, it had any causal relation to the subsequent incapacity, and the case was remanded to the Industrial Accident Board for a hearing *de novo* as to both claims.

CERTIFICATION to the Superior Court of the record of proceedings before a single member of the Industrial Accident Board upon claims against the insurer of the Eastern States Farmers' Exchange and the insurer of the Bucskin Corporation, of proceedings before the reviewing board on a claim of review by the insurer of the earlier employer only, where the claim against the insurer of the later employer was dismissed and the insurer of the earlier employer was directed to pay compensation.

A motion by the insurer of the later employer that the "appeal to the Superior Court" in respect to it be dismissed on the ground that no person having authority to do so had filed a claim for review was allowed by *Baker*, J., and a decree dismissing the claim for compensation against that insurer was entered by his order.

A decree, pursuant to an order by *Baker*, J., was entered by *Greenhalge*, J., directing compensation to be paid by the insurer of the earlier employer.

*D. H. Fulton*, for London and Lancashire Indemnity Company.

*T. G. Heyliger*, (*E. F. Henry* with him,) for Ocean Accident and Guarantee Corporation, Ltd.

*H. C. Splane*, for the claimant.

LUMMUS, J.  On April 20, 1938, the employee, while working for Eastern States Farmers' Exchange, which was insured by London and Lancashire Indemnity Company

of America, suffered a compensable personal injury in his back, and received compensation for partial disability.

Before May 11, 1939, while still receiving such compensation, he had gone to work for Bucskin Corporation, which was insured by Ocean Accident and Guarantee Corporation, Ltd. On that day something happened to him. While he was lifting, with another man, a roll of rubber weighing three hundred pounds, he felt pain either in lifting or as the result of a fall into a sitting position. He was unable to walk immediately after the occurrence, and was unable to work for a long time. His trouble centered in his back.

Claims for compensation against both insurers were heard together before a single member, as was proper. He found "that on May 11, 1939, the employee sustained a recurrence of his previous back injury when he was lifting a roll of rubber with a fellow employee," and as a result suffered total disability, for which the London and Lancashire Indemnity Company of America was ordered to pay compensation. The claim against the later insurer was dismissed.

A review was claimed by London and Lancashire Indemnity Company of America. G. L. (Ter. Ed.) c. 152, § 10. A reviewing board allowed the motion of the later insurer to "dismiss this purported claim for a review of the findings of the single member for the reason that the person filing said claim for review has no authority to do so against this insurer."

On the merits, the reviewing board affirmed the decision of the single member, and explained its action in the following paragraph, the exact meaning of which is not clear to us: — "Although the testimony of the employee is not altogether satisfactory to just what occurred on May 11, 1939, on the point of whether or not he had a new injury or a flare-up of symptoms of the injury of April 20, 1938, we infer from all the evidence in the case that the back strain he experienced in April, 1938, had never entirely cleared up. There was no satisfactory evidence of a distinct injury on May 11, 1939, and that the employee would not have sustained any incapacity to labor on and after

the latter date if he had not then been suffering from the effects of the injury he received on April 20, 1938."

London and Lancashire Indemnity Company of America, claiming to be a "party in interest" under G. L. (Ter. Ed.) c. 152, § 11, attempted to take to the Superior Court the decision of the reviewing board as to both claims. The later insurer moved in the Superior Court to dismiss "this purported appeal to the Superior Court with respect to it for the reason that no person having authority to do so filed a claim for review from the finding and decision of the single member and no person having authority to do so has filed the appeal to this court from the findings and decision of the board of review." This motion was allowed by the Superior Court, and a decree was entered dismissing the claim for compensation as against the later insurer. From that decree London and Lancashire Indemnity Company of America appealed to this court under G. L. (Ter. Ed.) c. 152, § 11. A final decree was entered in the Superior Court on September 19, 1940, awarding compensation for total incapacity resulting "from recurrence of the effects of a previous injury" against London and Lancashire Indemnity Company of America, from which that company appealed to this court under G. L. (Ter. Ed.) c. 152, § 11.

Both the reviewing board and the Superior Court erred in treating the claims against the several insurers as separate and unconnected proceedings, and in dismissing the claim against the later insurer without considering whether it was liable on the merits. Both insurers were and still are parties to the proceeding. This case is governed by *Borstel's Case*, 307 Mass. 24, which was decided just before the entry of the final decree.

On the merits, too, we fear that the tribunals that successively dealt with this case did not keep in mind the legal rule that if the employee received a personal injury arising out of and in the course of his employment on May 11, 1939, the insurer that was on the risk at that time is liable to make compensation for subsequent incapacity if there was any causal relation between that personal injury and the subsequent incapacity, even though the earlier injury

on April 20, 1938, was also a contributing cause or even the major contributing cause. *Evans's Case*, 299 Mass. 435. *Borstel's Case*, 307 Mass. 24. There are no clear cut findings on the decisive questions, (1) Was there a personal injury of a compensable nature on May 11, 1939?, and (2) Did it have any causal relation to the subsequent incapacity? Both decrees of the Superior Court are reversed, and we order the case recommitted to the Industrial Accident Board, for hearing *de novo*. See *Belezarian's Case*, 307 Mass. 557, 560, and cases cited.

*Ordered accordingly.*