JOSEPH WIENCIS'S CASE.

Suffolk.    March 4, 5, 1946. — May 10, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & Spalding, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Estoppel.*

A claim for compensation under the workmen's compensation act based on alleged pneumoconiosis was properly dismissed where the Industrial Accident Board made warranted findings that the employee was suffering from a different lung trouble not causally related to his employment.

The claimant in a workmen's compensation case could not be heard to allege impropriety in the obtaining of a supplemental report from an impartial physician by a single member of the Industrial Accident Board, where the claimant had agreed to the procedure adopted by the single member respecting such report.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

A decree was entered by order of *Hanify*, J.

*S. Stern*, for the claimant.

*C. T. Sexton*, for the insurer.

SPALDING, J. This is an appeal by an employee from a decree of the Superior Court adjudging that the employee did not receive a personal injury arising out of and in the course of his employment, and dismissing his claim for compensation.

The employee's claim for compensation is based on pneumoconiosis, a disease of the lungs, alleged to have been contracted as a result of exposure to dust during the course of his employment. The single member who heard the case found that the employee's condition was not causally related to any injury arising out of and in the course of his employment, and dismissed the claim. This finding was adopted by the reviewing board, which also dismissed the claim.

Upon an appeal to the Superior Court the case was recommitted to the board for the following purposes: "(1) For the member who made the initial 'decision' to include in his report the substance of such conversation as he had with Cadis Phipps, M.D., referred to in the amended opinion submitted by Dr. Phipps June 15, 1944; also the reasons for asking or bringing about said amended opinion. (2) To afford the claimant opportunity to introduce testimony, if the claimant elects to do so, meeting the issue of cause for filing an amended opinion and the reasons for amending the opinion as originally expressed. (3) Because the claimant, through counsel has argued the claimant's rights were prejudiced by the member conferring with Dr. Phipps without notice to the claimant, or according the latter opportunity to be heard in relation thereto, the board determine the advisability of asking for an additional 'impartial examination' by a physician other than the physician who filed the 'amended opinion.' (4) For the reviewing board to report such action as has been taken, or is taken on application, or motion, which it is alleged was duly filed, seeking to reopen the hearings for purpose of introducing new testimony related to the amended opinion of Dr. Phipps, as above referred to." We have no occasion to pass upon the propriety of this order of recommittal.

The reviewing board recommitted the case to the single member for the purposes set forth in paragraphs (1) and (2) of the order of the Superior Court. The single member in compliance with the recommittal order reported as follows: Prior to the original hearing the employee was examined by Dr. Phipps, an impartial physician appointed under G. L. (Ter. Ed.) c. 152, § 9, whose report was introduced in evi-

dence.  In his report Dr. Phipps stated that he had a doubt concerning the diagnosis, and suggested a further X-ray examination at the end of two months.  During the hearing it appeared that an X-ray examination of the employee's chest had been made by Dr. Butler, and the single member informed the parties that he intended to submit the report of this examination to Dr. Phipps and to ask him for a supplemental opinion.  The parties agreed to this procedure. Pursuant to this agreement the single member called Dr. Phipps on the telephone and read to him Dr. Butler's report. [1] Dr. Phipps thereupon filed a supplemental report in which he stated that on the basis of Dr. Butler's findings, which were the same as those made in an impartial examination by Dr. George, he was of opinion that the employee did not have pneumoconiosis or evidence of injury to the lungs from exposure to dust, and that there was no need of further X-ray examination as suggested in his original report.  Copies of this supplemental report were mailed to the parties on the same day that the original decision of the single member was filed.  (An examination of the record of the original hearing supports the foregoing findings of the single member.)

The employee was then permitted to introduce additional medical evidence bearing upon his alleged injury.  At the conclusion of the hearing he asked that a further examination be made by another impartial physician.  In his decision the single member reaffirmed his original finding, denied the request for an examination by another physician, and dismissed the claim for compensation.

The reviewing board reported that in accordance with paragraph (3) of the Superior Court's order of recommittal it had considered the advisability of having the employee examined by another impartial physician and was of opinion that this would not be of any material assistance to it.  It also reported the action taken with respect to those matters set forth in paragraph (4).  The board, after adopting the findings, rulings and decision of the single member, made the further findings that the condition for which the em-

---

[1] This report was included in the single member's report on recommittal.

ployee seeks compensation is a condition of bronchiectasis caused by two attacks of pneumonia and that neither the pneumonia nor the bronchiectasis was precipitated by or was in any way causally related to his employment. The claim for compensation was dismissed.

The decree of the Superior Court was right. It was in accordance with the findings of the reviewing board which must stand if there was any evidence to support them. *Lazarz's Case*, 293 Mass. 538, 540. *Borstel's Case*, 307 Mass. 24, 25–26. The evidence, which need not be reviewed, amply warranted the findings of the board.

The principal contention of the employee is that the action of the single member in communicating the contents of Dr. Butler's report to Dr. Phipps and permitting him to file a supplemental report based on it was improper. But the short answer to this is that since this procedure was agreed to by the employee he cannot now be heard to object to it. The other questions argued require no discussion; we have considered them and are of opinion that they reveal no error of law.

*Decree affirmed.*