## JOSEPH F. DILLON'S CASE.

Suffolk.    November 9, 1956. — January 11, 1957.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, What insurer liable, Amount of compensation.

Where it appeared in a workmen's compensation case that after the employee had suffered an injury which partially incapacitated him he changed his employment and while working for the new employer suffered another injury totally incapacitating him for some months, but that at the end of that period he had fully recovered from the later injury and was again in the same condition as he had been in just before its occurrence and was still partially incapacitated by the "continuing symptoms and residuals" of the first injury, the compensation for the period of total incapacity following the later injury must be paid by the insurer of the second employer and the compensation for the partial incapacity subsequent to that period must be paid by the insurer of the first employer.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Morton, J.*

*Philander S. Ratzkoff*, for General Accident Assurance Corporation, Ltd.

*James F. Casey*, for Hardware Mutual Casualty Company.

COUNIHAN, J.    This case arises out of a conflict between two insurers, one the General Accident Assurance Corp. Ltd. (General) and the other the Hardware Mutual Casualty Company (Hardware) as to the payment of workmen's compensation benefits to an injured employee.

It comes here upon an appeal by General from a final decree entered on April 30, 1956, in accordance with the decision of the reviewing board filed October 15, 1954. That decision adopted the findings and decision of the single member filed July 30, 1954, with slight modification.    Upon

certification to the Superior Court, on February 8, 1955, the case was recommitted to the Industrial Accident Board for further findings. By a report filed January 25, 1956, the board made such findings.

The record discloses that on January 31, 1951, the employee, while in the employ of the Granite City Coal Company (Granite) at an average wage of $50 a week, suffered an injury which totally incapacitated him and he was at that time awarded $30 a week for total incapacity and $20 a week for dependency. G. L. (Ter. Ed.) c. 152, § 34,[1] and § 35A, both as amended. General insured Granite at that time.

On September 13, 1951, the employee signed a discontinuance and went to work for the Community Motor Sales Corp. (Community) at an average weekly wage of $41.22 and General continued to pay him $8.78 for partial incapacity, G. L. (Ter. Ed.) c. 152, § 35,[2] as amended, until October 23, 1951, when he again became totally incapacitated by reason of an injury sustained while working for Community. Hardware insured Community at that time.

The proceedings with which we are now concerned were instituted under G. L. (Ter. Ed.) c. 152, § 15A, as amended, part of which is quoted in the margin.[3]

Following a conference on November 20, 1951, General was ordered pursuant to § 15A to pay the employee weekly total incapacity compensation of $30 and weekly dependency compensation of $20 from October 23, 1951, and to continue.

The issue before us is whether General is liable to pay any

[1] See now St. 1955, c. 777, § 1.

[2] See now St. 1955, c. 777, § 3.

[3] "If one or more claims are filed for an injury and two or more insurers, any one of which may be held to be liable to pay compensation therefor, agree that the injured employee would be entitled to receive such compensation but for the existence of a controversy as to which of said insurers is liable to pay the same, such one of said insurers as they may mutually agree upon or as may be selected by a single member of the board shall pay to the injured employee the compensation aforesaid, pending a final decision of the board as to the matter in controversy, and such decision shall require that the amount of compensation so paid shall be deducted from the award if made against another insurer and be paid by said other insurer to the insurer agreed upon or selected by the single member as aforesaid."

compensation after October 23, 1951, or whether such pay-
ments were the obligation of Hardware.

The single member found that the injury of October 23,
1951, rendered the employee totally incapacitated for work
until March 19, 1952, corrected by the reviewing board to
May 19, 1952, at which time he had fully recovered from
the effects of the injury of October 23, 1951, and that on
May 19, 1952 (as corrected), he was in the same condition
that he was in just prior to October 23, 1951. The em-
ployee testified that he had not worked since October
23, 1951, and the single member further found "that he
is unable to do many types of work because of the con-
tinuing symptoms and residuals [of the first injury] from
which he suffers and, as a result, has an earning capacity
of $25 a week, which . . . General . . . is authorized to
pay as of the filing date of this decision." We assume that
this means that General was ordered to pay $25 weekly
partial compensation from July 30, 1954, the date of the
filing of the single member's decision. G. L. (Ter. Ed.)
c. 152, § 35, as amended.[1] He further found that General
was entitled to indemnification from Hardware for com-
pensation paid the employee between October 23, 1951,
and May 19, 1952 (as corrected), which was the responsi-
bility of Hardware.

Upon a claim of review by all parties the reviewing board
adopted the findings and decision of the single member
with the modification referred to. However, it ordered
General to pay the employee weekly partial incapacity
compensation of $25 "from May 19, 1952, and continuing
subject to the provisions of the act. The amount of such
partial incapacity compensation due the employee to Oc-
tober 11, 1954, is $3,125 which . . . General . . . is or-
dered to pay to the employee forthwith."

Upon certification to the Superior Court a judge of that
court recommitted the case to the Industrial Accident
Board for further findings. The reviewing board then

---

[1] See now St. 1955, c. 777, § 3.

found that General paid the employee from October 24, 1951, to July 30, 1954, weekly total incapacity compensation of $30 and weekly dependency compensation of $20. The amount of incapacity compensation so paid was $4,332.86 and the amount of dependency payments was $2,888.57. General also paid the employee pursuant to the decision of the single member from July 31, 1954, to January 13, 1956, weekly partial incapacity compensation of $25 totaling $1,900.

Thereafter the case came before another judge of the Superior Court who after hearing caused a final decree to be entered which in part ordered "that . . . General . . . pay to the employee weekly partial incapacity compensation at the rate of $25 a week from May 19, 1952, and continuing, subject to the provisions of the act; that . . . Hardware . . . pay to . . . General . . . the amount of compensation which the latter paid to the employee for the period from October 23, 1951, to May 19, 1952, viz., $1,492.85." It is from this final decree that General appeals.

We are of opinion that that part of the decree ordering Hardware to reimburse General in the sum of $1,492.85 is correct. General argues, however, that Hardware should pay in full all compensation which it paid to the employee from the date of the second injury on October 23, 1951, and all future payments, upon the theory that the insurer who is on the risk at the time of the second injury is responsible for all compensation payments thereafter. The rule referred to is stated in *Evans's Case*, 299 Mass. 435, 437: "Where there have been several compensable injuries, received during the successive periods of coverage of different insurers, the subsequent incapacity must be compensated by the one which was the insurer at the time of the most recent injury *that bore causal relation to the incapacity*" (emphasis added). *Fitzpatrick's Case*, 331 Mass. 298, 300. *Blanco's Case*, 308 Mass. 574, 577–578.

Here the single member found and the reviewing board found as modified that the employee had fully recovered

from the effect of the second injury by May 19, 1952, but that he was then suffering from the residuals and symptoms of the first injury. The case now stands as though the second injury had not occurred. As the employee is still partially incapacitated because of residuals and symptoms of the first injury, it was proper to order General to make the specified payments to compensate therefor. No order for payments of dependency compensation was made by the single member or the reviewing board presumably because of § 35A.

We are concerned, however, with findings of the reviewing board and the language of the final decree both to the effect that General should pay the employee $25 weekly for partial incapacity from May 19, 1952, and continuing. It appears that General had already paid the employee a substantial sum of money up to July 30, 1954, for total incapacity and dependency. If the final decree were carried out literally General would be required to pay again for the same period from May 19, 1952, to July 30, 1954, for which it already had made payments.

And finally we are unable to determine from the decision of the reviewing board at what exact date the employee acquired an earning capacity of $25 a week. This is important for it ought to be determined when General could properly have reduced its payments for total incapacity and dependency compensation from $50 to $25 weekly.

It follows therefore that the final decree must be reversed and this case be recommitted to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*So ordered.*