## WILLIAM A. DAVIDSON'S CASE.

Suffolk.   October 8, 1958. — December 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act*, Notice, Filing of claim.

A proceeding under the workmen's compensation act seeking compensation for an injury to the employee's foot which he suffered while driving a truck of his employer, a self insurer, in the course of his employment and which resulted in amputation of his leg was not barred by want of statutory notice of the injury or late filing of the claim for compensation where evidence warranted findings that the employer had immediate knowledge of the accident and incapacity through its authorized agent, that the employee "through a misunderstanding" collected benefits for the injury under a group insurance policy not covering injuries compensable under the workmen's compensation act and had no reason for filing a claim for compensation at an earlier date than he did, that he received prompt and adequate medical care, and that the employer was not prejudiced by the want of notice or by the late filing of the claim.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Brogna*, J.

*Austin M. Pinkham*, for the self insurer.

*Thomas E. Cargill, Jr.*, for the claimant.

RONAN, J.   This is an appeal from a final decree of the Superior Court awarding workmen's compensation to an employee of the Railway Express Agency, Incorporated, who

received injuries while driving one of its trucks while in its employ and in the course of his employment on November 25, 1952, when the truck came in collision with another automobile.

There was evidence that, in attempting to avoid the collision, Davidson's right foot slid off the brake pedal which flew up, striking his right foot and causing him to walk with a limp. One Thomas, the local representative of the employer, arrived upon the scene within a few minutes and ordered Davidson to continue his journey and put his truck up at the garage, which the employee did. Davidson's foot became swollen and painful and was bathed each day. It became worse and his limp became more noticeable although he worked until noon of Friday, December 5, 1952, when he was sent home by Thomas. This was the last time he worked. Although he had for years worked alone, Thomas supplied him with a helper, one Pettingill, on December 1, 1952, who thereafter continued as such as long as Davidson remained in the employ of the express company. Pettingill knew that Davidson was having trouble with his right foot and saw him in the office of a chiropodist on December 5, 1952. He was later seen by a Dr. Christopher who immediately sent him to a hospital where two successive operations were performed on his right leg. Davidson was found to be suffering from "diabetes mellitus and gangrene of the right toe and foot, complicated by severe infection of the amputated stump which necessitated high mid thigh amputation." Thomas learned from the employee's wife on December 7, 1952, that Davidson was in the hospital, and Thomas sent her blanks to be executed by Davidson who was a member of a group of employees of the employer who were insured in a regular insurance company, which thereafter made several payments to Davidson. It does not appear why no further payments were made unless it was because this insurance did not cover claims under the workmen's compensation act. Davidson did not give any written notice and made claim about twenty months after the injury.

The self insurer does not contend that the claimant's in-

jury did not arise out of and in the course of his employment, and since there is evidence upon which the board's affirmative finding in this respect can be based, it will not be disturbed. *Pigeon's Case,* 216 Mass. 51, 52. *Brown's Case,* 334 Mass. 343, 346.

The self insurer does contend, however, that it was without knowledge of the injury and was prejudiced by the lack of notice of the injury and by the late filing of the claim for compensation. The failure of an employee to give written notice of his injury to the employer or insurer "as soon as practicable after the happening thereof," G. L. c. 152, § 41, and to file a claim within six months after the occurrence of the injury, § 41, does not bar him from maintaining proceedings for compensation if the employer or insurer had knowledge of the injury or was not prejudiced by the lack of timely notice, § 44, or if his failure to make claim seasonably was due to mistake or other reasonable cause, or if the insurer was not prejudiced by the delay in filing the claim, § 49. On the issue of notice, the single member found "that the employee has shown affirmatively that the self insurer has not been prejudiced for want of due notice" because it had sufficient knowledge through Thomas "for them to have looked into the matter if they had so desired." With respect to the late filing of the claim, the member found "that the employee, through a misunderstanding, was collecting benefits under a group insurance policy and, therefore, had no reason for filing a claim at an earlier date. I find that the self insurer has not been prejudiced in any way and the defence . . . has no merit whatsoever."

It is well settled that the burden of proving that the insurer has not been prejudiced by the failure of the employee to give timely notice rests upon the employee. *Russell's Case,* 334 Mass. 680, 682. In proving lack of prejudice a claimant is not required "'to exhaust the possibilities of prejudice and displace them . . . .'" *Kangas's Case,* 282 Mass. 155, 158. "The burden is sustained if he introduces evidence from which a reasonable inference can be drawn that the insurer suffered no prejudice." *Zabec's Case,* 302

Mass. 465, 469. Furthermore, "[t]he circumstances, without evidence directed to disproving particular forms of prejudice, may of themselves warrant an inference by the board of want of prejudice." *Russell's Case*, 334 Mass. 680, 683. It is a question of fact, *Berthiaume's Case*, 328 Mass. 186, 191, and the findings of the board in this regard will not be upset if there is evidence to support them, *Zabec's Case*, 302 Mass. 465, 469; they must stand if they can be supported on any rational view of the evidence. *Wnukowski's Case*, 296 Mass. 63, 64.

Thomas was the authorized agent of the company and was in charge of its local office. His knowledge, therefore, can be regarded as the knowledge of the company. *Walkden's Case*, 237 Mass. 115, 117. This court has frequently held that where a supervisory employee has observed the claimant's symptoms in such circumstances as would indicate that they are the result of an accident or disease arising out of and in the course of the claimant's employment, such observation is imputable as knowledge of the employer under § 44 of the statute. See, e.g., *Lapan's Case*, 237 Mass. 340; *Dorney's Case*, 259 Mass. 350, 353; *Gustafson's Case*, 303 Mass. 397; *Perrotta's Case*, 318 Mass. 737, 739; *Morrison's Case*, 332 Mass. 658.

The self insurer contended in effect that it was misled and prejudiced by the employee's action in filing an application for insurance under his group insurance policy which did not cover injuries for which benefits were payable under the workmen's compensation act. The single member's finding adopted by the board was that the collection of benefits under the policy was "through a misunderstanding" of the employee and that the employee had no reason for filing a claim at an earlier date. There was evidence which warranted this finding.

Similarly the findings with respect to lack of prejudice, supported as they are by evidence upon which the inference of no prejudice may rest, must be affirmed. "The usual forms of prejudice to the insurer are the failure of the employee to be treated medically promptly after the in-

jury, and the inability of the insurer to procure evidence because of the delay in learning of the injury." *Kulig's Case*, 331 Mass. 524, 526. Since it does not appear that Davidson's ailment could have been cured or the complications prevented had prompt notice of the injury been given, there is no evidence that the insurer has been prejudiced in this respect. *Gustafson's Case*, 303 Mass. 397. On the contrary, there was evidence that the employee received prompt and adequate medical care. Since it also does not appear that prompt investigation would have disclosed anything more favorable to the insurer in the way of the cause of the employee's ailment, neither was the insurer prejudiced with respect to the procuring of evidence. See *Kangas's Case*, 282 Mass. 155. And with regard to the accident itself the employer was not hampered from making a prompt and full investigation thereof. We cannot say in all the circumstances that there was no evidence for the board's finding that neither failure to give notice nor the late filing of claim was prejudicial to the employer. *Zabec's Case*, 302 Mass. 465. *Gustafson's Case*, 303 Mass. 397. *Davis's Case*, 304 Mass. 530. *Wheaton's Case*, 310 Mass. 504. *Duggan's Case*, 315 Mass. 355, 359. *Perrotta's Case*, 318 Mass. 737, 739. *Watson's Case*, 322 Mass. 581, 584–585. *Tassone's Case*, 330 Mass. 545. *Charron's Case*, 331 Mass. 519, 521. *Kulig's Case*, 331 Mass. 524. *Morrison's Case*, 332 Mass. 658. *Brown's Case*, 334 Mass. 343. *Channell's Case*, 337 Mass. 124. Compare *Russell's Case*, 334 Mass. 680.

The decree is affirmed. Costs of the appeal are to be determined by the single justice.

*So ordered.*