LORRAINE CURTIN'S CASE.

Suffolk. January 5, 1968. — March 8, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act*, Notice, Findings by Industrial Accident Board, Recommittal to the Industrial Accident Board.

A decree awarding compensation in a workmen's compensation case was reversed and the case was ordered remanded to the Industrial Accident Board for further proceedings where the findings of the reviewing board, although including a finding that the employee had sought and received prompt medical treatment after an alleged injury, were inadequate to enable this court to test the validity of a conclusion of the board that the self-insurer had "not been prejudiced as to notice."

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Hale*, J.

*Norman P. Beane, Jr.*, for the self-insurer.

*Edward C. Uehlein* for the employee.

REARDON, J.  The self-insurer appeals from a decree of the Superior Court entered in accordance with the reviewing board's decision which reversed the decision of the single member and awarded the employee compensation.

The employee, in a claim for compensation filed on November 12, 1963, alleged injury to her "Left hand" caused by "Working conditions."  The self-insurer raised questions with respect to notice, liability, extent of the employee's disability and the causal relationship of any disability to the alleged injury.

1. We first consider the issue of notice.  The employee in her testimony stated that while employed in the self-insurer's plant on or about June 14, 1963, she dropped "at different times" three jigs weighing from twenty-five to forty-eight pounds each on the palm of her left hand. The self-insurer argues that the first notice it had of this version of the employee's injury was at the first hearing before the single member on September 22, 1964.  The records of the self-insurer's plant clinic indicate that on the morning of June 13, 1963, the employee stated at the clinic that "she [had] noticed a hard lump in the palmer [sic] base of her left index finger, doesn't know cause."  On cross-examination the employee was unable to remember whether she stated at the clinic that she had dropped the jigs on her hand although she did say she told the layout operator about the jigs.  The layout operator told her to first see the supervisor and then, she said, to "go to the first aid, but don't say too much up there, because she wanted me back on the job again."  The clinical records refer to several nodules discovered in the employee's hand and over the "dorsum of the right [sic] and right humerus."  She was referred to an orthopedic surgeon who after a biopsy found the nodules to be benign giant cell tumors unrelated to her occupation.  The history given to him failed to mention jigs falling on the patient's hand.  The employee subsequently on May 20, 1964, was admitted to the Massachusetts General Hospital where she said that in the previous June "she dropped some heavy things on . . . [left] hand

and later that day noticed a sensation of tightness and swelling . . . [left] index finger as well as . . . [left] shoulder pain." On November 8, 1965, she started treatment with a general surgeon and told him "[w]hile at work she dropped a 'jig' on her left index finger." On the basis of this pertinent evidence the reviewing board found "that the self-insurer has not been prejudiced as to notice as it appears that it had and availed itself of ample opportunity to make investigation and examination medically as to nature of condition present."

In our view the case presents serious doubt on the adequacy of notice. The formal claim for compensation filed with the board was silent on any injury to the employee resulting from falling jigs. Indeed, the clinical reports and the subsequent treatment by the orthopedic surgeon indicated the employee's medical condition to be unrelated to an industrial accident and no word reached the self-insurer to correct the impression. It is no answer to assert that the employee had prompt and competent medical care. The absence of such treatment is, however, not the only form of prejudice. *Garrigan's Case*, 341 Mass. 413, 419. The self-insurer is harmed when from the nature of the knowledge which it acquires it is lulled into inactivity in an investigation which it would have actively pursued had it been aware of the true nature and basis of the employee's claim. See *Russell's Case*, 334 Mass. 680, 683.

In this instance, while the reviewing board has found that the employee sought and received prompt medical treatment, it has made no subsidiary findings which provide an "adequate basis for knowing whether, in reaching the conclusion that there was no prejudice, the board applied correct legal principles." *Herson's Case*, 341 Mass. 402, 407, and cases cited. We emphasize what was said in *Herson's Case, supra,* pp. 407–408, relative to the necessity of findings sufficient to enable us to apply proper principles to test the decision of the board.

2. Since this matter is to be remanded it is not inappropriate to point out that the record before us raises doubt

whether the causal relationship between the alleged accident, or series of them, and the employee's injury has been established. Those engaged in further proceedings should take this into account. *Larrabee's Case,* 350 Mass. 305. *King's Case,* 352 Mass. 488, 491–492.

3. The decree of the Superior Court is reversed. The case is to be remanded to the board for appropriate subsidiary findings relating to the issues of notice, the self-insurer's knowledge of injury and prejudice, and for such further proceedings, which may include the taking of additional testimony, as may be consistent with this opinion.

*So ordered.*