FRANK ROBINSON'S CASE.

Suffolk. February 8, 1968. — May 7, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Filing of claim, Amount of compensation, Double employment.

A finding in a workmen's compensation case that the employee, a janitor whose duties included waxing floors, sustained an injury arising out of and in the course of his employment was warranted by evidence that he slipped and fell and hurt his leg while carrying a buffing machine of his employer from his automobile into the premises of his employer at an hour when it was not unusual for him to work. [284]

Evidence in a workmen's compensation case that notice of an injury sustained by the employee was given to the employer on the day of the injury and that medical treatment for the injury began two days thereafter warranted a finding that under G. L. c. 152, § 49, the insurer was not prejudiced by late filing of the employee's claim for compensation. [284–285]

Where it appeared in a workmen's compensation case that the employee was employed in the concurrent service of two employers, both insured under the act, and that he sustained a compensable injury while working for one of the employers but not for the other and so not

performing any duty common to both employers, his average weekly wages, under G. L. c. 152, § 1 (1), as appearing in St. 1943, c. 529, § 1, were to be computed on the basis of his earnings from both employers, but the compensation was not to be apportioned between the insurers under § 26B, inserted by St. 1957, c. 276, and must be paid entirely by the insurer of the employer for which he was working when injured. [286]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Hale*, J.

*Alphonse S. Bachorowski* for the insurer.

*Charles T. Johnson*, for the employee, submitted a brief.

SPALDING, J. The single member found as follows: The employee worked for the Cambridge Jewish Community Center (Center) on a part-time basis. He was a full time employee of the Star Market (Star). His duties at the Center were those of a janitor and custodian, and included washing and waxing floors, mowing lawns, making minor repairs and doing errands. His hours of employment were supposedly from 3 P.M. to 7 P.M. but they were flexible and "were more often irregular than regular." In doing errands the employee used his own car and had been authorized to do so by his supervisor.

The Center owned a buffing machine which the employee used in polishing its floors. For some time prior to the accident the machine "was off the premises . . . for some reason." In the early morning of October 21, 1963, the employee while carrying the machine from his car into the premises of the Center slipped on a banana peel, fell and injured his leg. At the time of the fall he was "occupying himself in a manner consistent with his employment" and his injury arose out of and in the course of his employment. It was not unusual for the employee to work as early as three or four o'clock in the morning.

There was medical evidence, which the single member appears to have adopted, that the employee sustained an acute exacerbation of a preëxisting osteomyelitis of the left femur. The employee since the injury has never resumed his work

at Star. Nor has he worked for the Center except for the period between January 3, 1965, and April 30, 1965. The single member found that except for this period the employee has been totally disabled for work since the time of the injury. Other facts will be stated as occasion requires.

The reviewing board affirmed and adopted the findings and decision of the single member and awarded compensation. In the Superior Court a decree was entered awarding compensation in accordance with the board's decision. The insurer appealed.

1. The finding of the board that the employee sustained a personal injury arising out of and in the course of his employment was not lacking in evidential support. There was evidence that he was injured while bringing the buffing machine from his car to his place of work on the premises of the Center. The question was one of fact for the board. Analysis of the evidence in detail would serve no useful purpose.

2. The employee filed his claim for compensation on December 3, 1964, slightly more than thirteen months after the date of the injury. The board found that although the claim was not filed within the statutory period (G. L. c. 152, § 41) the insurer was not prejudiced by the delay. G. L. c. 152, § 49. The board found that notice of the injury was given to the Center's supervisor on the day of its occurrence, that shortly thereafter (two days according to undisputed evidence) the employee was admitted to the Cambridge City Hospital, and that since that time he has been under the care of Dr. William Lanigan, an orthopedic surgeon. "The usual forms of prejudice to the insurer are the failure of the employee to be treated medically promptly after the injury, and the inability of the insurer to procure evidence because of the delay in learning of the injury." *Kulig's Case*, 331 Mass. 524, 526. *Davidson's Case*, 338 Mass. 228, 231–232. See *Russell's Case*, 334 Mass. 680. The employer was promptly informed of the injury and had ample opportunity to investigate it. Compare *Herson's Case*, 341 Mass. 402. We are of opinion that the finding of no prejudice was

warranted. While an employee has the burden of proof on this issue of lack of prejudice, he is not required to "'. . . exhaust the possibilities of prejudice and displace them . . . .'" *Kangas's Case*, 282 Mass. 155, 158.

3. The definition of "average weekly wages" appearing in G. L. c. 152, § 1 (1), was amended by St. 1935, c. 332, § 1, and St. 1943, c. 529, § 1, so as to read, so far as material, "In case the injured employee is employed in the concurrent service of more than one insured employer or self-insurer, his total earnings from the several insured employers and self-insurers shall be considered in determining his average weekly wages." These amendments were construed in *Nelson's Case*, 333 Mass. 401, 403–404. In accordance with that construction the wages received by the employee from both the Center and Star were considered by the board in determining the employee's average weekly wages. At the outset of the hearing, an agreement was reached that the combined average weekly wages were $135.92, and they were computed on this basis. The suggestion of the insurer that they were improperly computed is without merit.

The principal contention with respect to the matter of concurrent service is that the payment of compensation should have been apportioned between the Center's and Star's insurers under G. L. c. 152, § 26B, inserted by St. 1957, c. 276. Section 26B reads: "When an employee employed in the concurrent service of two or more insured employers receives a personal injury compensable under this chapter while performing a duty which is common to such employers, the liability of their insurers under this chapter shall be joint and several. Each insurer or self-insurer liable under this section shall pay compensation according to the proportion of the wages paid by its insured in relation to the concurrent wage which the employee received from all insured employers."

The insurer presented a motion to the single member asking that Star's insurer be made a party for the purpose of having its liability determined in accordance with § 26B. This motion was denied. A similar motion was made before

the board which was likewise denied. In the Superior Court a motion was made to recommit the case to the board to determine the liability of Star's insurer. This motion was denied.

It appears that § 26B has never been construed. Prior to the enactment of § 26B it had been held in *Nelson's Case*, 333 Mass. 401, that, where concurrent service was involved, the average weekly wages could be computed on the basis of total earnings from the concurrent employment even though the services were dissimilar. The insurer argues that the purpose of § 26B was to require that the services be similar, and if they were, that the liability of the insurers should be apportioned. We find nothing in the history of § 26B which supports this construction. Moreover, that the services performed by the employee for the Center and Star were similar is not free from doubt. He was employed by Star as a night porter. For the Center the services performed were those of a janitor and custodian and involved washing and waxing floors, mowing lawns, making minor repairs and doing errands. But, assuming arguendo that the services were similar, this does not aid the insurer. Section 26B requires apportionment only where one in the concurrent service of two or more employers is injured "while performing a duty which *is common* to such employers" (emphasis supplied). That was not the situation here; at the time of his injury when working for the Center, the employee was performing no duty for Star. There thus was no duty common to both employers. The insurer's motions to compel apportionment were rightly denied.

4. The insurer saved its rights before the board to several rulings on evidence, and presses them in this court. But it has not furnished us with anything that can fairly be called argument and we treat them as waived. S. J. C. Rule 1:13, 351 Mass. 738. *Lolos* v. *Berlin*, 338 Mass. 10, 13–14.

5. The decree is affirmed. Costs of appeal are to be determined by the single justice.

*So ordered.*