FREDERICK H. JOHNSON, JR.'s CASE. December 11, 1968. The reviewing board adopted meager findings by a single member of the Industrial Accident Board and, like him, denied compensation to Johnson, the employee of Edward R. Davis, for an injury incurred while Johnson, working in the absence of Davis, was using a snowblower at the request of one Phillips on the latter's premises. Davis and Johnson, over a period of time, had been doing construction work for Phillips. The Superior Court judge refused to recommit the case for clarification of the board's findings. Decisions of the board should contain (a) adequate subsidiary findings warranted by substantial evidence, and (b) conclusions which are supported by the subsidiary findings. See *Di Clavio's Case,* 293 Mass. 259, 261–262. Recitals of testimony do not constitute findings. Here the single member improperly confused his findings with recitals of testimony. His findings (as opposed to such recitals) do not require as matter of law any award. His subsidiary findings, however, are insufficient to enable us to determine whether an

award of compensation would have been permissible or whether the board applied correct principles of law. For example, findings would have been appropriate concerning Davis's instructions to Johnson about taking orders from Phillips, the area and the circumstances in which Johnson used the snowblower, and the prior arrangements between Davis and Phillips concerning work by Johnson. The final decree is reversed. In the Superior Court, the case is to be recommitted to the board for amplification of its findings and for such further proceedings consistent with this opinion as the board in its discretion may order. See *Herson's Case,* 341 Mass. 402, 407–408, and cases cited; *Curtin's Case,* 354 Mass. 45, 48.

*So ordered.*

*Laurence S. Locke (Allan R. Rosenberg* with him) for the employee.
*James H. Tourtelotte* for the insurer.