# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211A, § 9, the Reporter publishes the following:

JOSEPH E. THERRIEN's (dependent's) CASE. March 4, 1974. This is an appeal by the administratrix of the estate of the widow of the deceased employee from that part of a final decree of the Superior Court which dismissed the claim for death benefits to the widow (G. L. c. 152, § 31, as amended through St. 1964, c. 446). The issues before this court are: (1) whether the employee's death attributable to myocardial infarction on August 30, 1964, was causally related to a compensable injury on August 15, 1962, which required three operations; and (2) whether the death claim was barred because it had been filed about seven and one half months after the employee's death; the statute then in effect (G. L. c. 152, § 41, prior to its amendment by St. 1965, c. 487, § 1) required that a claim be made within six months of an employee's death. See G. L. c. 152, § 44. (1) From an examination of the entire record it is our opinion that there was sufficient evidence to warrant the board's affirmation and adoption ("upon consideration of all the evidence") of the finding of the single member that the employee's death was causally related to the August 15, 1962, injury. *Stanton's Case,* 331 Mass. 378, 380 (1954). See *Brightman's Case,* 220 Mass. 17, 20 (1914). ("Acceleration of previously existing heart disease to a mortal end sooner than otherwise it would have come is an injury within the meaning of the workmen's compensation act.") See also *Walker's Case,* 243 Mass. 224, 225-226 (1922). (2) The trial judge found that "there was no evidence in the record showing that the insurer was not prejudiced by [the late claim] . . .." "While the burden was upon the employee to prove that the insurer was not prejudiced by the delay in filing his claim, that burden might be sustained by a warrantable inference from all the evidence without evidence specifically directed to and affirmatively indicating a want of prejudice." *Berthiaume's Case,* 328 Mass. 186, 191 (1951). See *Kangas's Case,* 282 Mass. 155, 158-160 (1933). "The usual forms of prejudice to the insurer are the failure of the employee to be treated medically promptly after the injury [obviously inapplicable here], and the inability of the insurer to procure evidence because of the delay in learning of the injury." *Robinson's Case,* 354 Mass. 282, 284 (1968). See *Davidson's Case,* 338

Mass. 228, 231 (1958); *Goodale's Case,* 353 Mass. 765 (1968). Those are matters of fact for the board; but the findings on the issue of late claim in this case are conclusory and are not supported by subsidiary findings. *Herson's Case,* 341 Mass. 402, 407 (1960). *Garrigan's Case,* 341 Mass. 413, 419-420 (1960). *Curtin's Case,* 354 Mass. 45, 47 (1968). In accordance with those cases the decree of the Superior Court is to be modified by striking out the last paragraph thereof and by providing instead that the case is to be remanded to the board for appropriate subsidiary and ultimate findings relating to the issue of prejudice in connection with the death claim and for such further proceedings as the board deems appropriate and as are consistent with this opinion; and as so modified the decree is affirmed.

*So ordered.*

*Sebastian J. Ruggeri* for the claimant.
*Arthur W. Nichols, Jr.,* for the insurer.