ALBERT S. ANDERSON'S (dependent's) CASE.

Worcester.    October 6, 1977. — December 7, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board, Prima facie evidence.   *Evidence,* Presumptions and burden of proof. *Proximate Cause.   Words,* "Prima facie evidence."

Where an employee is found dead at his place of employment, G. L. c. 152, § 7A, established prima facie evidence of a causal relationship between the employment and the fatality.  [817]

Where it was unclear whether the Industrial Accident Board applied the prima facie effect of G. L. c. 152, § 7A, in its decision to deny a claim for dependency compensation, the case was remanded to the board for further proceedings.  [817-818]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard by *Lappin*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Kevin T. Byrne* (*Raymond H. Giguere* with him) for the claimant.

*Philander Ratzkoff* for the insurer.

HENNESSEY, C.J. In this case we are called upon to construe the meaning of G. L. c. 152, § 7A, and to determine whether that statute was correctly applied by the reviewing board (board) of the Industrial Accident Board. We conclude that, since the findings and decision of the board leave it conjectural whether it correctly applied the statute, the case must be remanded to the board for further proceedings consistent with this opinion.

The plaintiff, widow of Albert S. Anderson (employee), filed a claim for compensation under G. L. c. 152, § 31. After hearing, a single member of the Industrial Accident Board ordered the insurer to pay the claimant-widow weekly dependency compensation in accordance with § 31 from March 28, 1972, to date and continuing at the rate of $45 a week. There were further orders for payments under other sections of c. 152.

The insurer claimed a review by the board. The matter was tried without witnesses, and the parties filed a statement of agreed facts. It was agreed that on March 28, 1972, the employee, then age forty-nine, reported for work between 7 and 7:15 A.M. to perform his regular duties. As he was office manager, those duties were, in general, supervisory and clerical, and involved only occasional physical exertion, although his work week almost always considerably exceeded forty hours. It is unknown what the employee did from the time of his arrival, but at 7:30 A.M. he was found by fellow employees at his desk, choking and semi-conscious. He kept breathing but never spoke. A

police ambulance arrived and removed him to Worcester City Hospital where he was pronounced dead on arrival. A copy of the death certificate is attached to the record and was incorporated therein by reference.

By agreement, a report of John P. Rattigan, M.D., was submitted. He gave as his opinion, based upon the available medical data, that the employee's sudden collapse and subsequent death on March 28, 1972, occurred in the natural progression of coronary artery disease, and was not causally related to his employment. Dr. Rattigan regarded it as particularly significant that the employee died shortly after he arrived at work before he had engaged in any of his routine activities; and further, Dr. Rattigan gave as his opinion that the employee's general activities on the day of death were so completely void of suggestion of emotional stress that it was not possible causally to relate his collapse and death to work.

The board reversed the decision of the single member, and denied and dismissed the widow's claim. In its "Findings and Decision," after a statement of the agreed facts, the board stated: "Based upon the foregoing facts and the medical opinion of John P. Rattigan, M.D., whose opinion the Reviewing Board adopt, the Reviewing Board find that the deceased employee was found choking and semiconscious at his place of employment; that his duties were supervisory and clerical; that there was no direct or inferential evidence of emotional or physical stress on the day of his death or involving his duties. Accordingly, the Reviewing Board find and rule that there is prima facie evidence that the employee was performing his regular duties on the day of his death but that the claimant-widow has failed to establish by a fair preponderance of the affirmative evidence that the deceased employee sustained a personal injury arising out of and in the course of his employment, and that his death was causally related to a personal injury arising out of and in the course of his employment. The Reviewing Board further find the claim does not come within the provisions of Chapter 152. The widow's claim for dependency compensation is hereby

denied and dismissed." A judge of the Superior Court affirmed the decision.

General Laws c. 152, § 7A, as appearing in St. 1971, c. 702, reads as follows, in its entirety: "In any claim for compensation where the employee has been killed, or found dead at his place of employment or is physically or mentally unable to testify, it shall be prima facie evidence that the employee was performing his regular duties on the day of injury or fatality or death or disability and that the claim comes within the provisions of this chapter, that sufficient notice of the injury has been given, and that the injury or death or disability was not occasioned by the wilful intention of the employee to injure or kill himself or another."

The plaintiff argues that § 7A should be construed as establishing, inter alia, prima facie evidence that the employee's death was causally related to his duties as an employee. She also argues that, given that construction of the statute, the board's findings and decision do not demonstrate that the board correctly applied the statute to this case.

The plaintiff does not argue that the evidence did not support the board's denial of her claim. In this she is correct; the opinions expressed by Dr. Rattigan clearly warranted the board in concluding that the death was not causally related to the employment.

We look first to our standard of review in a case such as this. It has been well established that this court must sustain the findings of the reviewing board and they are final unless they are wholly lacking in evidential support or tainted by error of law. *Hachadourian's Case,* 340 Mass. 81, 85 (1959). *Hartman's Case,* 336 Mass. 508, 511 (1957).

For a claim to be compensable it must arise out of and in the course of the employment. Clearly a causal relationship is required between the employment duties and the injury or death. In a case such as this one, where the employee was found dead at his place of employment, we construe the statute, § 7A, as establishing, inter alia, prima facie evidence of causal relationship between the employ-

ment and the injury or fatality. We believe that was the meaning intended by the Legislature, particularly in its use of the words, "and that the claim comes within the provisions of this chapter."[1]

We turn next to the definition of "prima facie evidence," as we construe that term as used in the statute, § 7A. Prima facie evidence, in the absence of contradictory evidence, requires a finding that the evidence is true; the prima facie evidence may be met and overcome by evidence sufficient to warrant a contrary conclusion; even in the presence of contradictory evidence, however, the prima facie evidence is sufficient to sustain the proposition to which it is applicable. *Cook* v. *Farm Serv. Stores, Inc.*, 301 Mass. 564, 566-567, 569 (1938). *Thomes* v. *Meyer Store, Inc.*, 268 Mass. 587, 588 (1929).[2]

In light of what we have said as to the meaning of the statute, we examine now whether the board has correctly applied the statute in this case. It is the duty of the board so to deal with cases before it that when a certified copy of the record is presented to the Superior Court, that court can determine with reasonable certainty whether or not correct rules of law have been applied to facts which could

---

[1] Cases construing the statute, § 7A, as it existed prior to its amendment in 1971, are not apposite, since the statute in its earlier wording was more limited in scope, and in its effective assistance to the claimant.

[2] In *Commonwealth* v. *Pauley,* 368 Mass. 286, 290-291 (1975), see the following language: "According to the Massachusetts view, when, by statute or common law, one fact probative of another is denominated prima facie evidence of that second fact, proof of the first or basic fact requires a finding that the second, the inferred or presumed fact, is also true. The finding is mandatory. To avert this result, the opponent must assume the burden of production (the burden of persuasion remains with the proponent). It is only when the opponent has introduced sufficient evidence, which, cast against the natural inferential value of the basic fact, creates an issue of fact for the trier, that the opponent has satisfied his burden and the mandatory effect disappears. In a case tried by jury where the opponent does not assume his burden, the judge should charge that if the jury find the basic fact, they are required to find the inferred fact; if the basic fact is admitted or otherwise undisputed, the judge should charge that the jury must find the inferred fact, and if the inferred fact encompasses the substance of the case, the judge should direct a verdict."

properly be found. *DiClavio's Case,* 293 Mass. 259, 261-262 (1936). See *Johnson's Case,* 355 Mass. 782 (1968).

It is possible that the board interpreted the statute, § 7A, as we have construed it, *supra,* and applied it correctly in this case. The result reached, denial of the claim, is consistent with a correct application of the law, since the board might have determined that the prima facie case which arose from the statute was controlled and overcome by other evidence, particularly the opinion of Dr. Rattigan. Nevertheless, the board's legal reasoning is far from clear in the record. Ambiguity is particularly shown in the board's conclusion that "the claimant-widow has failed to establish by a fair preponderance of the affirmative evidence that the deceased employee sustained a personal injury arising out of and in the course of his employment, and that his death was causally related to a personal injury arising out of and in the course of his employment."

There is no question in this case that the board was on clear notice that the legal effect of the statute, § 7A, was at issue before the board, because the statement of agreed facts by the parties posed, as an "issue presented," the question whether the statute warranted a finding for the plaintiff widow without actual medical evidence of causal relationship. As we have shown, that was a correct statement of the law as we have construed it, *supra.* It is at best conjectural whether the board applied the prima facie effect of the statute to the issue of causal relationship. The plaintiff is entitled to a clear and unambiguous statement of the board's reasoning.

The decree is reversed and a new decree is to be entered in the Superior Court remanding the case to the Industrial Accident Board for further proceedings consistent with this opinion.

*So ordered.*