ROQUE PENA'S CASE. March 13, 1980. An earlier decision of this court involving these parties (*Pena's Case*, 5 Mass. App. Ct. 451, 455-456 [1977]) held that the board's conclusion concerning possible prejudice arising from the employee's failure to give the insurer prompt notice of his claim was not supported by adequate subsidiary findings. The case was then remanded for further findings on the issue whether the employee's failure promptly to inform the insurer of his claim may have prejudiced the insurer.

The single member's findings, which were adopted by the board, amply support his determination that the insurer "was not prejudiced by the employee's failure to give timely notice and to make timely claim." See *Channell's Case*, 337 Mass. 124, 127-128 (1958). See also Locke, Workmen's Compensation § 450, at 534-536 (1968). We accordingly agree with the reasoning and result reached by the judge of the Superior Court, and affirm. We need look only to our recent decision in *Swasey's Case*, 8 Mass. App. Ct. 489, 495-496 (1979), a case which controls the case at bar

in all material aspects. Moreover, the instant case is even stronger because here, unlike *Swasey*, although the employee introduced evidence "from which a reasonable inference can be drawn that the insurer suffered no prejudice," *id*. at 496, quoting from *Zabec's Case*, 302 Mass. 465, 469 (1939), the insurer has made no argument relative to specific harm to it as a result of late notice other than to claim that whenever a back injury is involved there should be a presumption of prejudice. See *Therrien's Case*, 2 Mass. App. Ct. 795 (1974). Compare *Wheaton's Case*, 310 Mass. 504, 507-508 (1941). Contrast *Hatch's Case*, 290 Mass. 259, 261-263 (1935).

*Judgment affirmed*

*Paul F. X. Powers* for the Hartford Accident & Indemnity Company.
*Steven Babitsky* for the employee
*Joseph F. Fidler, Jr.*, for the Liberty Mutual Insurance Company.