ALVEY R. SMITH, JR.'S CASE. April 8, 1980. The reviewing board's vague finding in favor of the claimant on the contested issue of notice glosses over the central weakness in the evidence: that the only direct evidence of the content of the claimant's conversation with his employer's plant nurse indicates that he did not suggest that the back injury was work-related, and that there is nothing in the evidence which would warrant a conclusion that Dr. Shapiro, to whom the nurse referred the claimant, and to whom the claimant asserted that the pain related to an incident at work, stood in such a relationship to the employer that notice to him would be notice to the employer. There was no evidence that Dr. Shapiro communicated the assertion to the employer. The evidence concerning

the claimant's conversation with the employer's safety coordinator is not fixed in time; it is, in any event, not reflected in the board's findings. There is no merit to the other contention raised by the employer.

The judgment is reversed, and a new judgment is to enter remanding the case to the board for more specific findings on the issue of notice or for findings on the issue of prejudice in the event there was no timely notice. Compare *Davidson's Case*, 338 Mass. 228 (1958); *Herson's Case*, 341 Mass. 402 (1960); *Pena's Case*, 5 Mass. App. Ct. 451 (1977).

*So ordered.*

*Thomas P. Crotty* for the employer.
*Orie D. Oullette* for the claimant.