### Donald J. Costa's (dependent's) Case.[1,2]

No. 99-P-1515.

Suffolk. March 15, 2001. - July 18, 2001.

Present: Jacobs, Gillerman, & Cypher, JJ.

*Workers' Compensation Act,* Findings by Industrial Accident Board, Prima facie evidence, Proximate cause. *Evidence,* Presumptions and burden of proof. *Statute,* Construction.

Where an employee was neither killed nor found dead at his place of employment, the provisions of G. L. c. 152, § 7A, as amended by St. 1991, c. 398, § 21, which establish prima facie evidence of a causal relationship between the employment and the fatality, were not available, and the reviewing board of the Department of Industrial Accidents properly denied a claim for dependency benefits arising out of the fatality. [107-109]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Kevin S. Sullivan* for the claimant.

*Richard W. Jensen* (*Charles A. Cook* with him) for the insurer.

GILLERMAN, J. Gail Costa (claimant) has appealed from an adverse decision of the reviewing board of the Department of Industrial Accidents (board) denying her claim for benefits arising out of the death of her husband, Donald Costa. See G. L. c. 152, § 31 (death benefits) and § 33 (burial benefits). The issue before us is whether the provisions of G. L. c. 152, § 7A, as amended in 1991 (see St. 1991, c. 398, § 21, set out in the margin),[3] are available to this claimant. Section 7A establishes,

---

[1]Gail Costa, the claimant.

[2]The defendants are Aetna Casualty & Surety Company, the insurer, and Colonial Gas Company, the employer.

[3]Section 7A, as appearing in St. 1991, c. 398, § 21, which is applicable to this case, provides in material part as follows: "In any claim for compensation where the employee has been killed or found dead at his place of employment or, in the absence of death, is physically or mentally unable to testify, and

in certain cases, "prima facie evidence of causal relationship between the employment and the injury or fatality." See *Anderson's Case*, 373 Mass. 813, 816-817 (1977) (presumption available where employee found dead at his place of employment). We conclude that the presumptions are not available in this case, and that the claimant is not entitled to the benefits she seeks.

We recapitulate the summary of the material facts that appear in the decision of the board, supplemented by unchallenged facts found by the administrative judge.[4] Donald Costa (Costa) worked for Colonial Gas Company from 1971 until his death, at age forty-three, on March 23, 1992. He made residential calls to service household appliances, some of which are regarded as heavy appliances. Costa routinely lifted and moved these heavy appliances. He worked long hours — up to sixty hours per week in busy seasons. In December, 1991, he was admitted to Lowell General Hospital and was diagnosed as having suffered a myocardial infarction. After a cardiac catheterization, he improved and was discharged. Nevertheless, his physical condition deteriorated.

On March 22, 1992, Costa arrived for work at 4:00 P.M. to start his eight-hour shift. Sometime before 5:00 P.M. he left the shop for a repair job in Westford. He did not feel well and he never arrived at the Westford job. Instead, he turned around and headed back to the shop. By coincidence, the claimant saw Costa, on his way back to the shop, parked by the side of the road. Costa told the claimant he did not feel well, and after returning the truck to the shop he returned home, had something

such testimonial incapacity is causally related to the injury, it shall be prima facie evidence that the employee was performing his regular duties on the day of injury or death and that the claim comes within the provisions of this chapter . . . ."

Prior to the 1991 amendment, § 7A, as appearing in St. 1947, c. 380, amended by St. 1971, c. 702, provided, in material part, as follows: "In any claim for compensation where the employee has been killed, or found dead at his place of employment or is physically or mentally unable to testify, it shall be prima facie evidence that the employee was performing his regular duties on the day of injury or fatality or death or disability and that the claim comes within the provisions of this chapter . . . ."

[4]The facts appearing in the decision of the board follow closely the facts found by the administrative judge.

to eat, and fell asleep watching television. Around 5:00 A.M. the claimant heard strange noises from Costa; attempts to resuscitate him failed, and he was taken by ambulance to the hospital where he was pronounced dead on arrival.

At the hearing before the administrative judge, Costa's family physician, Dr. Jeffrey Byrne, testified that Costa's work activities on March 22 contributed to his death. Dr. Lawrence Baker also testified for the claimant, expressing the opinion that Costa's activities on March 22 were a major contributing factor to the fatal myocardial infarction. However, at his deposition, he was asked his opinion on the hypothetical assumption that there was no evidence of any exertion by Costa on March 22. Dr. Baker testified that in that event he would be unable to make a causal connection between Costa's work and his myocardial infarction.

Dr. Elliot Sagall testified for the insurer. Based on the absence of any significant work activity on March 22, Dr. Sagall opined that Costa's activities on that day did not contribute to Costa's myocardial infarction.

The administrative judge rejected the claimant's argument that § 7A was available. He concluded "that the connection, both in time and in substance, between the employee's condition while at work on March 22, 1992[,] and his condition in the early morning hours of March 23, 1992, is not so direct and strong as to warrant a finding that the employee was 'killed or found dead at his place of employment.' " Further, the judge denied the claimant's §§ 31 and 33 claims; he adopted "the medical opinion of the insurer's expert . . . [and found] that the employee's death was not related to any work activity."

The board overruled its prior decisions in *Wyman* v. *Courier Citizen Co.*, 9 Mass. Workers' Comp. Rep. 333, 340-341 (1995) ("Where the employee is deceased, § 7A operates as it had in the past, as prima facie evidence that the employee was performing his or her regular duties on the date of death"), and *Mills* v. *Light Metal Platers*, 11 Mass. Workers' Comp. Rep. 563, 565 (1997), and affirmed the decision of the administrative judge.

We review the board's decision under G. L. c. 152, § 12(2), as amended through St. 1991, c. 398, § 32A, in accordance with the standards expressed in G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*),

and (g).[5] See *Scheffler's Case*, 419 Mass. 251, 257-258 (1994). In this case we consider whether the board correctly decided that the administrative judge had properly determined that § 7A was not available to the claimant.

The narrow question before us, not previously considered by our appellate courts, is whether the special provisions of § 7A — which permit a death claim to constitute prima facie evidence that the employee was performing his regular duties on the day of the incident, see note 3, *supra* — are available when, as in this case, the employee is neither killed nor found dead at his place of employment.

The claimant argues that "[b]y using the word killed [and taking that word to mean 'every person that is dead has been deprived of life, or "killed" '] and not limiting it those killed at their place of employment, the Legislature intended the [§] 7A presumption to apply to employees who are dead ('have been killed') as well as to employees who are found dead at their place of employment."

We reject the argument. Without regard to questionable validity of the argument regarding § 7A prior to the 1991 amendment, it fails to recognize the change effected by the 1991 amendment. Prior to the 1991 amendment, § 7A provided that "where the employee has been killed, or found dead at his place of employment . . . ," the presumptions are available. The 1991 amendment, inter alia, deleted the comma after the word "killed." The effect of that deletion is that the phrase, "at his place of employment," now qualifies the entire phrase, "where the employee has been killed or found dead . . . ." See *Moulton* v. *Brookline Rent Control Bd.*, 385 Mass. 228, 232 (1982) ("punctuation . . . may be resorted to when it tends to throw light upon the meaning of the language"), quoting from *Greenough* v. *Phoenix Ins. Co.*, 206 Mass. 247, 252 (1910).

Simply put, the statutory phrase — "killed or found dead at

[5]Clause (e) of § 14(7) having been omitted from § 12(2) of c. 152, we do not review to determine whether the board's judgment was "unsupported by substantial evidence." For this reason, we do not review the finding of the administrative judge, undisturbed by the board, that the claimant did not carry her burden of showing that Costa's death was causally related to a workplace injury.

his place of employment" — is plain language that "must be interpreted in accordance with the usual and natural meaning of the words." *Commissioner of Rev.* v. *AMIWoodbroke, Inc.*, 418 Mass. 92, 94 (1994). The particular phrase, "at his place of employment," is a description of the employee's workplace, and § 7A may not be given an interpretation that attributes no purpose or meaning to the language.[6] "[I]t is clear that § 7A was amended to address the problem of over-extending the benefit of statutory protection for testimonial incapacities [including death] to situations that did not result from the industrial accident." Koziol, Massachusetts Worker's Compensation Reform Act § 10.7, at 298 (2000).

Because Costa's death did not occur at his workplace, § 7A was not available to the claimant, and for the reason stated herein, the §§ 31 and 33 claims must be denied.

*Decision of Industrial Accidents
Reviewing Board affirmed.*

---

[6]The claimant's argument would make § 7A available in all death cases: those employees who are "killed" as a result of any event, and those who are found dead at their place of employment, thereby rendering the required location — place of employment — surplusage. Such an intent cannot be attributed to the Legislature. See *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 289 (1996).